**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

OSVANY NOY PADRON,

    Petitioner,

v.

                                   Case No. 1:26-cv-01735-MIS-GBW

WARDEN, Torrance County Detention
Facility; EL PASO FIELD OFFICE
DIRECTOR, Immigration and Customs
Enforcement; U.S. ATTORNEY GENERAL;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; and MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security,

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Osvany Noy Padron's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed May 29, 2026. Petitioner is a citizen of Cuba who entered the United States on March 25, 2022, near Hidalgo, Texas. Id. at 16. Petitioner was encountered by U.S. Border Patrol agents and subsequently paroled into the United States. Resp. ¶ 1, ECF No. 5. Thereafter, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status with United States Citizenship and Immigration Services. Id. ¶ 2. It appears that the Application remains pending. See Pet. at 17-18.

On April 12, 2026, Petitioner was arrested in Florida for Driving Under the Influence. Resp. ¶ 3. Federal officials lodged an immigration detainer against Petitioner and subsequently arrested him. Id. Petitioner is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Pet. at 14.

On May 29, 2026, Petitioner filed the instant Petition arguing that his detention violates the Fifth Amendment's Due Process Clause, and seeking immediate release.  Id. at 13-24.

On June 1, 2026, the Court issued an Order to Show Cause, ECF No. 3, which instructs Respondents to answer the Petition and show cause why the requested relief should not be granted. Id.  The Order further instructs Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On June 4, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 5. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 2-3.   However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8

---

[1]      The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 5. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Osvany Noy Padron from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE